**Billy Keith McGREGOR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–483.**

Court of Criminal Appeals of Oklahoma.

May 11, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant was found guilty of First Degree Murder (21 O.S.1981, § 701.7) and sentenced to death in the District Court of Hughes County, Case No. CRF–83–58.

On May 13, 1983, Virgie Iona Plumb took the appellant into her home as a boarder. Nine days later, she was murdered by him.

The first assignment of error alleges that the appellant was denied a fair trial and effective assistance of counsel because the trial court refused to appoint a psychiatrist or psychologist to evaluate the appellant. One year after this case was tried, the United States Supreme Court in *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), held that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

On September 24, 1986, this Court remanded Case No. F–84–483 (Case No. CRF–83–58 below) to the District Court of Hughes County for an evidentiary hearing to determine whether the petitioner was entitled to a court-appointed psychiatrist under the holding of *Ake.* On remand, this Court directed that the hearing be held ex parte without the presence of the district attorney, following the United States Supreme Court direction when that Court concluded that an ex parte hearing be provided a defendant under similar circumstances. *See McGregor v. State of Oklahoma, District Court of Hughes County,* 733 P.2d 416 (Okl.Cr.1987).

The intention of the majority of the *Ake* Court that such hearings be held ex parte is manifest from the following passage:

The risk of error from denial of such assistance, as well as its probable value, are most predictably at their height when the defendant's mental condition is seriously in question. When the defendant is able to make an *ex parte* threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for assistance of a psychiatrist is readily apparent.... In

such a circumstance, where the potential accuracy of the jury's determination is so dramatically enhanced, and where the interests of the individual and the State in an accurate proceeding are substantial, the State's interest in its fisc must yield.

*Ake* was made retroactive, and is therefore applicable to the instant case, in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

On August 27, 1987, the District Court of Hughes County conducted an ex parte evidentiary hearing presided over by the Honorable Gregg M. Smith, District Judge. At the conclusion of that hearing, appellant moved that the records be kept confidential for use of this Court. The motion was granted and the evidentiary hearing records were sealed and filed with the Clerk of this Court.

On September 10, 1987, an order was filed in the Hughes County District Court which provided the following:

> Pursuant to an order of the Oklahoma Court of Criminal Appeals, an ex parte hearing was held on August 27, 1987, to determine if Billy Keith McGregor was entitled to a court-appointed psychiatrist. The Honorable Gregg M. Smith presided at the hearing. Billy Keith McGregor was represented by Gloyd L. McCoy, Assistant Appellate Public Defender and George Butner, Attorney at Law. Counsel for McGregor presented medical records from Eastern State Hospital, the Texas Department of Corrections, and the Oklahoma Department of Corrections, as well as testimony of relatives of McGregor, which detailed that Billy Keith McGregor had an extensive history of psychiatric problems.

> Therefore, after hearing the testimony and reviewing the records, and after hearing counsel's arguments and authorities, this Court finds that Billy Keith McGregor is entitled to a court-appointed psychiatrist.

Now, after having considered the transcript of the evidentiary hearing and the order of the Hughes County District Court, this Court is of the opinion that in accordance with the provisions in *Ake*, the conviction of Billy Keith McGregor in CRF–83–58 must be reversed and remanded for a new trial. We are further of the opinion that appellant must be provided with a competent psychiatrist prior to trial in order to aid in the preparation of his defense. Sufficient showing has been made to reflect that appellant's sanity at the time of the offense may be a significant factor at trial. REVERSED AND REMANDED FOR A NEW TRIAL.

BUSSEY and PARKS, JJ., concur.