Gary Alan **WALKER**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC–89–305.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1992.

Gloyd L. McCoy, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Petitioner, Gary Alan Walker, is before this Court on an appeal from a district court order denying his Application for Post Conviction Relief. On June 7, 1984, petitioner was charged with three (3) counts of First Degree Murder, in the District Court of Tulsa County, in Case No. CRF-84-2088. Petitioner's attorney made a request for a competency determination on June 25, 1984, which was ordered by the district court. Even though a report was filed before trial, a post-evaluation competency hearing was not conducted at that time. The State dismissed two of the murder counts, and at the conclusion of the preliminary hearing, petitioner was bound over for trial on one count of murder.

The jury convicted petitioner of First Degree Murder and sentenced him to death. This Court affirmed that Judgment and Sentence in *Walker v. State,* 723 P.2d 273 (Okl.Cr.1986), *cert. denied* 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 600 (1986). On January 28, 1987, petitioner, through his attorney-of-record at the Tulsa County Public Defender's Office, filed an Application for Post-Conviction Relief in Tulsa County District Court. The Tulsa County Public Defender's Office was allowed to withdraw as petitioner's attorney-of-record on November 11, 1988, and Gloyd McCoy of the Appellate Public Defender's Office was appointed to represent petitioner. The district court allowed petitioner to amend his Application for Post-Conviction Relief on March 2, 1988, and November 23, 1988.

On May 31, 1988, a hearing was held to determine if it was feasible to conduct a retrospective post-evaluation competency hearing. The district court determined that such a hearing was feasible and set the hearing for September 13, 1988, for a jury trial to determine whether petitioner was competent at the time of trial in 1984. On September 12, 1988, petitioner's attorney, Gloyd McCoy, announced to the Court, without petitioner present, that Mr. Walker would waive a jury trial on the issue of his competency. A non-jury trial was set for October 26, 1988. On that date, petitioner was present with his attorney; however, since petitioner refused to answer the court's questions with regard to his waiver of jury trial, the court again set the case for jury trial on the issue of competency for November 21, 1988. On November 29, 1988, petitioner, present with his attorney, waived his right to a jury trial, and a hearing, on the issue of his competency, was had to the court. At the end of all the evidence, the court found that petitioner was competent at the time of his 1984 trial.

On February 28, 1989, the district court held the hearing on petitioner's Application for Post-Conviction Relief. Both sides stipulated as to testimony presented at the criminal trial and at the retrospective competency hearing and relied on briefs previously submitted to the district court. The district court took the matter under advisement and on March 10, 1989, issued an order denying the Application for Post-Conviction relief. It is from that order that petitioner now appeals to this Court.

### I.

Petitioner raises nine propositions of error in his brief. In his first proposition, petitioner contends that the district court erred in failing to grant relief on the basis of the evidence showing he may be suffering from an organic brain dysfunction. This issue was raised for the first time at the retrospective competency hearing held in November 1988, even though the issue was irrelevant to the determination of his competency at the time of trial.

In 1984, petitioner was appointed a psychiatrist before trial to aid in his defense. In a report submitted to defense counsel before trial, the psychiatrist, Dr. Thomas Goodman, indicated that petitioner may be suffering from an organic brain dysfunction, but that further tests needed to be preformed to make such a determination. Defense counsel did not pursue this issue at the time of trial or raise it on direct appeal. Nevertheless, even if petitioner does suffer from an organic brain dysfunction, relief is not automatically warranted since such evidence would merely

relate to his defense of insanity, which was vigorously pursued at trial. As the district court found, petitioner has not demonstrated any sufficient reason for failure to present this issue previously, therefore he is barred by res judicata from raising this issue on post-conviction relief. *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr.1984).

## II.

■ In his second proposition, petitioner contends that the district court erred in failing to grant relief on the basis that the trial court failed to grant a continuance. Petitioner contends that because defense counsel was denied a continuance at the time of trial, he was unable to fully develop his defense. This issue was addressed on direct appeal and rejected by this Court. *Walker*, 723 P.2d at 279-80. Therefore, further review of this issue is precluded by the doctrine of res judicata. *Coleman*, 693 P.2d at 5.

## III.

■ Petitioner contends in this third proposition that his conviction and death sentence should be vacated because the retrospective competency hearing that was conducted on November 29, 1988, was inadequate to cure the error of not providing such a hearing at the time of trial. First, he contends such a hearing violates state law. This Court has held that such retrospective competency hearings are constitutionally fair if it is feasible and there is sufficient evidence available to make a determination as to the defendant's competency. *Thomas v. State*, 777 P.2d 399 (Okl. Cr.1989); *Anderson v. State*, 765 P.2d 1232 (Okl.Cr.1988): *Johnson v. State*, 761 P.2d 484, 491-92 (Okl.Cr.1988). *See also Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). After a review of the hearing conducted on November 29, 1988, we find that there was no violation of state law by conducting a retrospective hearing and that petitioner's due process rights were not violated.

■ Second, petitioner contends that the State's evidence was insufficient to show that a retrospective hearing was feasible or that petitioner was competent at the time of his trial. However, petitioner has the burden to prove that he was incompetent; the presumption is that the person is competent until they demonstrate otherwise. 22 O.S.1981, § 1175.4(B); *See also Ake v. State*, 778 P.2d 460, 464 (Okl.Cr. 1989). At the retrospective competency hearing, petitioner presented one witness— his trial attorney on a murder case out of Rogers County, and attempted to introduce documents that appeared to be records from where petitioner was hospitalized for mental problems. While his attorney testified that the defense in the Rogers County case was insanity, he also testified that he never requested a jury trial on Mr. Walker's competency to stand trial. The State called witnesses to testify, such as petitioner's attorney from the Tulsa County Public Defender's Office, and Dr. Goodman, the psychiatrist who examined petitioner for the defense. The State's witnesses testified that Mr. Walker was competent and able to confer with his attorneys during the 1984 trial. Therefore, after a review of the testimony presented and the evidence submitted, we find that petitioner failed to meet his burden of proving that he was incompetent.

■ Third, petitioner asserts that the failure of the district court to make funds available to petitioner for further neurological testing denied petitioner an opportunity to present evidence on his behalf. At the trial in 1984, petitioner's court-appointed psychiatrist stated in a letter to defense counsel that further testing would be beneficial in determining if Mr. Walker was suffering from an organic brain dysfunction. However, at the 1984 trial and at the competency hearing in 1988, Dr. Goodman testified that he was able to make an opinion as to petitioner's competency and sanity based upon the records that he had available to him at that time. Whether petitioner suffers from brain damage does not per se mean that he is entitled to relief; that evidence would be presented to the jury to aid in their determination of whether Mr. Walker was insane at the time he committed the criminal act. Considering the testi-

mony that Dr. Goodman gave at trial that in his opinion petitioner was insane at the time of the crime, but was competent to stand trial in 1984, it would be speculation as to whether evidence of an organic brain dysfunction would produce a different result at trial, and certainly does not automatically mean that petitioner was incompetent to stand trial. Therefore, relief is not warranted.

Finally, petitioner complains that certain evidentiary rulings made by the district court at the hearing denied petitioner an opportunity to present evidence as to his incompetency. Specifically, petitioner contends that the district court failed to consider and review certain medical records, that the State was allowed to question two witnesses about a videotaped interrogation of petitioner, and that the district court refused to consider testimony from a subsequent trial.

Petitioner concedes that the records from the hospitals where he had been admitted for mental problems were not authenticated and were incomplete. He states that at least the district court should have continued the hearing to allow petitioner to secure the presence of the records keepers from the hospitals to authenticate the documents. However, at the time when this became an issue in the hearing, petitioner did not request a continuance for this purpose.

This Court held in *Jones v. State*, 660 P.2d 634, 642–43 (Okl.Cr.1983), that a letter from a doctor who had examined the defendant, introduced by the State, was inadmissible because the foundational requirements of 12 O.S.1981, § 2803(6) had not been met. "It was not necessary to call the doctor who wrote the letter, but it was necessary to call someone who could testify that the report was in fact made at or near the time and by, or from information transmitted by, a person with knowledge of the circumstances reported." *Id.* at 643. Likewise, in this case, petitioner did not meet the foundational requirements of section 2803(6), therefore the documents were inadmissible. Therefore, we find that the district court did not abuse its discretion in not admitting the documents or continuing the hearing sua sponte.

Petitioner also complains that the district court allowed the State, over his objection, to question two witnesses about a videotaped interrogation of petitioner from the Rogers County case. Although this Court has subsequently held that the videotaped interrogation was unconstitutional and therefore reversed the Rogers County conviction, *Walker v. State*, 795 P.2d 1064 (Okl.Cr.1990), we do not agree with petitioner that the questions concerning the videotape prejudiced petitioner in the competency hearing. The questions did not concern the content of the videotape, but rather focused on Mr. Walker's demeanor and appearance during the videotaped interview in which the witnesses were in attendance. Therefore, we find no error in allowing the questions.

As to petitioner's contention that the district court should have taken judicial notice of testimony from the Rogers County trial that was held some five months after this trial, we find no abuse of discretion by the district court. Basically, petitioner attempted to introduce testimony from the Rogers County trial that one of his attorneys found petitioner in the fetal position on the floor of his cell in Rogers County and was unresponsive. This evidence was used at the Rogers County trial to show that petitioner was insane. The district court found that the evidence was irrelevant to the issue of competency and we find no reason to overturn that decision.

### IV.

In his fourth proposition, petitioner contends that relief should be granted because the trial court, and the district court conducting the retrospective competency hearing, would not allow statements made by petitioner during a sodium amytal interview. He asserts that although he did not raise this issue on direct appeal, he should be allowed to raise the issue now because of intervening law, that being *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). We disagree because

that case can be distinguished from the case at bar and is therefore not intervening law. In *Rock,* because Arkansas had a per se rule of exclusion of hypnotically refreshed testimony, the defendant was prevented from testifying about the events that led to her shooting her husband because her memory was refreshed by hypnosis. In this case, Dr. Goodman was not prevented from testifying that his opinion was that petitioner was insane at the time of the crime; only the statements petitioner made were excluded. Petitioner has not demonstrated that these statements were excluded because of any per se exclusion rule of hypnotically enhanced or refreshed testimony. Therefore, this issue is barred by res judicata because petitioner could have raised the issue on direct appeal. *Coleman v. State,* 693 P.2d at 5.

## V.

In his fifth proposition, petitioner once again complains about the admission of statements made by the district attorney's investigator, Bobby Clark, at trial. In so far as this issue was addressed on direct appeal by this Court and held to be harmless error, further review is barred by res judicata. *Id.*

## VI.

Petitioner also once again contends in his sixth proposition that the "continuing threat to society" aggravating circumstance is construed in an unconstitutional manner. This issue was rejected by this Court on direct appeal, therefore any further review is barred by res judicata. *Id.* Furthermore, this Court has continued to uphold the constitutional validity of this aggravating circumstance since petitioner's direct appeal on this case. *See Fox v. State,* 779 P.2d 562 (Okl.Cr.1989), *cert. denied* 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990); *Fowler v. State,* 779 P.2d 580 (Okl.Cr.1989), *cert. denied* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 775 (1990).

## VII.

In his seventh proposition, petitioner contends that the trial court's instruction relating to "sympathy" given in the guilt stage caused the jury to improperly exclude any consideration of sympathy from its deliberations during the penalty phase of the trial, to which he cites *Parks v. Brown,* 860 F.2d 1545 (10th Cr.1988). Since the post-conviction hearing on this case, the Supreme Court has reversed the tenth circuit case that held the anti-sympathy instruction unconstitutional. *Saffle v. Parks,* 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990).[1] Therefore, since this was an issue that petitioner could have raised on direct appeal, and now that the Supreme Court has ruled, there has not been an intervening change in law, we find that this issue is barred by res judicata. *Coleman,* 693 P.2d at 5.

## VIII.

■ Petitioner asserts in his eighth proposition that he was denied a fair sentencing hearing because the State used evidence of an unadjudicated Rogers County rape charge that was subsequently dismissed by the district attorney's office. This Court held on direct appeal that this charge and the other untried charges out of Rogers County could be used to prove the aggravating circumstance that petitioner would be a continuing threat to society. *Walker v. State,* 723 P.2d at 285. The subsequent dismissal of the rape charge by the district attorney's office does not affect the analysis of the issue. Since the aggravating circumstance did not rely on the evidence of that rape charge, its dismissal does not affect the sufficiency of the evidence presented to warrant a reversal or modification of petitioner's case. *Cf. Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (where the Supreme Court held that because the conviction that the State solely relied upon to

1. We also note that the so called "anti-sympathy" instruction at issue in *Saffle v. Parks,* was considerably different than the instruction at issue here. In the case at bar, the instruction was given in the guilt stage, while in *Parks* the instruction was given in the sentencing stage.

prove one aggravating circumstance was later vacated, reversal was required).

### IX.

In his ninth, and final, proposition of error, petitioner contends that the cumulative effect of the alleged errors warrants either reversal of his conviction or at least modification of his sentence to life imprisonment. In so far as we have not found one of the allegations to warrant reversal or modification, this issue is denied.

For the foregoing reasons, the order of the district court denying petitioner post-conviction relief is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and PARKS, and JOHNSON, JJ., concur.