**Billy Keith McGREGOR, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–1006.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1997.

Sandra Mulhair Cinnamon, Brian Lester Dupler, Assistant Appellate Indigent Defend-

ers, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for petitioner.

## ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF, AND MOTION FOR DISCOVERY

CHAPEL, Presiding Judge:

Billy Keith McGregor was tried by jury before the Honorable Gregg Smith in the District Court of Hughes County. In Case No. CRF–85–38 he was convicted of First Degree Murder in violation of 21 O.S.1991, § 701.7(A). At the conclusion of the first stage of trial, the jury returned a verdict of guilty. During sentencing, the jury found 1) the murder was especially heinous, atrocious, or cruel; and 2) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution. McGregor was sentenced to death for the murder conviction. McGregor appealed his judgments and sentences to this Court and we affirmed.[1] This Court denied McGregor's petition for rehearing and the United States Supreme Court denied McGregor's petition for certiorari.[2]

On August 19, 1996, McGregor filed an Application for Post–Conviction Relief directly with this Court.[3] We narrowly construe the amended post-conviction procedures to give effect to the Legislature's intent to honor the principle of finality of judgment.[4] The only issues that can be raised in post-conviction are those which were not or could not have been raised in a direct appeal and support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent.[5] On review, this Court must determine whether controverted, previously unresolved factual issues material to the legality

1. *McGregor v. State,* 885 P.2d 1366 (Okl.Cr. 1994). McGregor's first conviction was overturned because his constitutional rights were violated when he was denied state funds for a psychiatrist to assist in his defense under *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). *McGregor v. State,* 754 P.2d 1216 (Okl.Cr.1988). He relied on an insanity defense and was convicted again in a 1988 retrial.

2. *McGregor v. Oklahoma,* —— U.S. ——, 116 S.Ct. 95, 133 L.Ed.2d 50 (1995).

3. 22 O.S.Supp.1995, § 1089 provides that an original application for post-conviction relief shall be filed with this Court rather than the District Court in which the case was tried. This Court directed the State to respond to Proposition V(2)(b) of the original Application.

4. *Walker v. State,* 933 P.2d 327 (Okl.Cr.1997).

5. 22 O.S.Supp.1995, § 1089(C).

of the applicant's confinement exist, whether the applicant's grounds were or could have been previously raised, and whether relief may be granted.[6] The Post–Conviction Procedure Act is not intended to provide a second appeal.[7] This Court will not consider an issue which was raised on direct appeal and is therefore barred by **res judicata**,[8] nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not.[9] We will not address McGregor's propositions which are barred by waiver or **res judicata**.[10]

In Proposition I McGregor claims that the "clear and convincing" standard of evidence applied in the trial court's evaluation of his competency to stand trial violates his right to due process. McGregor bases this claim on

6. 22 O.S.Supp.1995, § 1089(D)(4)(a).

7. *Fowler v. State,* 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State,* 880 P.2d 383, 385 (Okl.Cr.), *cert. denied,* —— U.S. —— 115 S.Ct. 1318, 131 L.Ed.2d 199 (1994).

8. *Moore v. State,* 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. Oklahoma,* 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Walker v. State,* 826 P.2d 1002, 1005 (Okl.Cr.), *cert. denied,* 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992).

9. *Moore,* 889 P.2d at 1255–56; *Fowler,* 873 P.2d at 1056–57; *Johnson v. State,* 823 P.2d 370 (Okl. Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

10. Proposition of error barred by res judicata:

VII. The trial court denied McGregor's rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article II, sections 7 and 9 of the Oklahoma Constitution by not properly responding to the jury's query concerning what would happen to McGregor if he was sentenced to life without parole; [McGregor suggests we should reconsider this decision in light of *Simmons v. South Carolina,* 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) (error not to inform jury that defendant was ineligible for parole). *Simmons* does not decide a new rule of law which would apply in this case. *Trice v. State,* 912 P.2d 349, 352 (Okl.Cr.1996). The request for reconsideration is not properly before us.] Propositions of error barred by waiver:

*Cooper v. Oklahoma,*[11] in which the United States Supreme Court held that Oklahoma's "clear and convincing" standard of evidence, imposed on a defendant by statute, violated fundamental due process rights. We have declined to apply *Cooper* on post-conviction review.[12] This proposition is denied.

McGregor alleges ineffective assistance of trial counsel in Propositions II, IV and VIII. Ineffective assistance of trial counsel claims raised in capital post-conviction appeals are properly before this Court only if they require fact-finding outside the direct appeal record.[13] McGregor has provided the Court with affidavits to support his arguments that his claims of ineffective assistance of trial counsel require fact-finding outside the direct appeal record. This material constitutes

III. The trial court's failure to conduct a competency hearing sua sponte based on McGregor's inability to assist counsel at trial denied McGregor due process of law; [Reviewing this claim in the context of ineffective assistance of appellate counsel and not the underlying substantive claim, we find no error as set forth in the opinion.]
VI. The search of McGregor's pickup truck was conducted in violation of the Fourth and Fourteenth Amendments as it was involuntary and outside of the scope of McGregor's consent; and [Reviewing this claim in the context of ineffective assistance of appellate counsel and not the underlying substantive claim, we find no error as set forth in the opinion].
VIII. The trial court admission of evidence obtained from McGregor's motor vehicle for which no proper chain of custody has been established was reversible error. [McGregor brings this as a claim of ineffective assistance of trial and appellate counsel. The claim of ineffective assistance of trial counsel requires no fact-finding outside the direct appeal record and is not properly before us. Reviewing the proposition in the context of ineffective assistance of appellate counsel and not the underlying substantive claim, we find no error as set forth in the opinion.]

11. —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

12. *Walker,* 933 P.2d at 339.

13. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). This Court has held that a claim of ineffective assistance of trial counsel based on matters presented to the trial court and included in the record on appeal should be raised on direct appeal, and is waived if not raised at that time. *Boyd v. State,* 915 P.2d 922, 926 (Okl.Cr.1996); *Berget v. State,* 907 P.2d 1078, 1082–85 (Okl.Cr.1995), *cert. de-*

part of the record before us on post-conviction, and we have reviewed it to determine if this issue must be remanded for a hearing in the district court.[14]

■ In Proposition II McGregor claims trial counsel was ineffective because he failed to apply under *Ake v. Oklahoma*[15] for an expert psychiatric witness at State expense to testify at McGregor's post-examination competency trial. In Proposition IV McGregor claims that trial counsel's failure to investigate and present mitigating evidence of conditions existing in the state juvenile system during the 1970's constitutes ineffective assistance. In Proposition VIII McGregor claims trial counsel was ineffective for failing to object to the search of his truck on chain of custody grounds.

McGregor alleges that these claims are properly before this Court because they depend on facts outside the direct appeal record. He supports Proposition II with citation to the trial record and affidavits. In support of Proposition IV he provides a Gannett News Service Report (comprised of articles written in 1982) and references a 1978 lawsuit which alleged that the Department of Human Services engaged in inhumane and unconstitutional treatment of children. In support of Proposition VIII he attaches affidavits from McGregor's friends and family which describe the truck's location and unsecured state prior to the search.

■ Proposition II does not depend on facts outside the record on appeal. The facts in support of Propositions IV and VIII are certainly not in the direct appeal record. However, the statutory phrase "fact-finding outside the direct appeal record" was never meant to negate the principle of waiver. Counsel was aware that McGregor had been a ward of the court and in juvenile custody during his youth. The persons in possession of the chain-of-custody evidence were known to trial counsel. McGregor shows no reason why counsel could not have raised these claims either at trial or on appeal. The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover.[16] These claims of ineffective assistance of trial counsel are thus not properly before us and are denied.

■ McGregor alleges ineffective assistance of appellate counsel in Propositions II, III, V, VI, and VIII. Ineffective assistance of appellate counsel claims are properly before us only if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[17] We analyze these claims using a three-tiered procedural scheme.[18]

■ In Proposition V, McGregor claims appellate counsel was ineffective for failing to raise the following issues: (1) that the competency jury was instructed on the incorrect

nied, — U.S. —, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).

14. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Material submitted to this Court with the original application for post-conviction relief constitutes the record on post-conviction. Section 1089(D)(4)(b)(1) clearly implies that material will be presented to this Court for the first time in order to facilitate claims of ineffective assistance of trial counsel requiring fact-finding outside the direct appeal record. This Court need not remand these claims for an evidentiary hearing if our review of the materials presented shows that the material either (1) does not require fact-finding outside the direct record, or (2) contains no controverted, previously unresolved issues of fact material to a petitioner's confinement. If we determine that either of these conditions exists, we will remand the issue for a hearing in the district court, as required by § 1089(D)(5).

15. 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

16. *See LaFevers v. State*, 934 P.2d 356, n. 10 (Okl.Cr.1997) (propositions depending on facts either known to trial counsel or which could have been obtained through reasonable diligence do not fall within § 1089(D)(4)(1).

17. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

18. *Walker*, 933 P.2d at 334. We (1) determine whether counsel actually committed the act giving rise to the allegation, and (2) if so, ask whether counsel's performance was sufficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, we may consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp.1995, § 1089.

burden of proof (also raised in Proposition I); (2) that trial counsel failed to obtain expert psychiatric assistance in McGregor's competency trial (also raised in Proposition II); (3) that the trial court erred in failing to conduct a competency hearing **sua sponte** based on McGregor's inability to assist counsel at trial (also raised in Proposition III); (4) that the trial court erred in admitting evidence obtained from McGregor's truck without a proper chain of custody (also raised as Proposition VIII); and (5) that the search of McGregor's truck was conducted without proper consent (also raised as Proposition VI).

■ A review of the record reveals that appellate counsel failed to raise the Proposition V issues on direct appeal.[19] McGregor has thus answered our threshold inquiry and established that appellate counsel actually committed the conduct giving rise to his allegations of ineffective assistance. However, McGregor has failed to set forth facts and law which would enable us to assess counsel's allegedly deficient performance. McGregor offers no facts which show that counsel breached any duty owed to him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance.[20] Instead, McGregor sets out arguments supporting his substantive claims, and reasons that appellate counsel must have been ineffective because he failed to raise these arguably meritorious issues. On the contrary, failure to raise meritorious claims, without some proof that an attorney's omission was professionally deficient, will not support an allega-

tion of ineffective assistance of counsel.[21] As McGregor has not shown that counsel's conduct on direct appeal was ineffective, his substantive claims remain procedurally barred and are not considered on their merits. These ineffective assistance of appellate counsel allegations are denied.

McGregor also filed a motion for discovery on August 19, 1996.[22] Discovery is not required in post-conviction proceedings.[23] This Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist.[24] McGregor must provide this Court with information showing by clear and convincing evidence that the material sought is likely to have support in law and fact to be relevant to a claim raised in the application for post-conviction.[25]

■ McGregor specifically requests (1) all notes and records of polygraph tests McGregor may have taken regarding this crime or other area disappearances; (2) complete medical and psychiatric records from the Department of Corrections; (3) all prescription records from a Wynnewood pharmacist which refer to McGregor; and (4) the complete Oklahoma State Bureau of Investigation file on McGregor in this and any other cases. McGregor offers no information suggesting that he ever took a polygraph, but claims that even an attempt to take that test could provide exculpatory evidence. This is speculation and does not meet the threshold requirements for a successful discovery

---

19. In *Walker*, 933 P.2d at 336, we applied the statutorily mandated three-tiered analysis to an ineffective assistance of appellate counsel claim involving the failure to raise a *Cooper* issue, and concluded that such an omission—in and of itself—does not constitute deficient performance.

20. *Walker*, 933 P.2d at 336.

21. *Id.*

22. McGregor appears to request an evidentiary hearing. His application title includes the phrase "request for evidentiary hearing", but no such request is made in the eight propositions of error claimed in the application. A request for an evidentiary hearing is included as "Proposi-

tion Nine" in McGregor's First Addendum, Argument and Authorities. Proposition Nine is not properly before us.

23. *Rojem v. State*, 925 P.2d 70, 74 (Okl.Cr.1996); *Hooks v. State*, 902 P.2d 1120, 1125 (Okl.Cr. 1995), *cert. denied*, — U.S. —, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996).

24. 22 O.S.Supp.1995, § 1089(D)(3).

25. Rule 9.7(D)(5), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1995, Ch. 18 App. If McGregor meets this burden, this Court will remand the issue for an evidentiary hearing and determine the scope of discovery, which will be allowed in the district court. Rule 9.7(D)(6).

claim. McGregor contends his prison psychiatric and medical records are necessary to present his claim under *Cooper* and claim of ineffective assistance of trial counsel for failure to obtain expert assistance at his competency hearing. We have already determined that neither the *Cooper* issue nor the claim of ineffective assistance of trial counsel are properly raised. McGregor also claims access to these records is necessary to enable post-conviction counsel to properly represent him on the issue of his mental competency for execution. This question was not raised in the application for post-conviction, and we cannot consider this request under Rule 9.7(D)(5). McGregor claims the pharmacy prescription records will aid in presenting his claim that trial counsel was ineffective for failing to obtain expert assistance at his competency hearing, a claim we have already rejected. McGregor also contends these records are necessary for counsel to determine whether he was medicated at the time of the crime, what the medications were, and whether he was taking his medication. These questions, which concern whether McGregor was insane at the time of the crime, are not relevant to any issue raised in the application and we cannot consider this request under Rule 9.7(D)(5). McGregor notes that the OSBI files originally included an audiotape made during surveillance which has been lost, and cites several statements and telephone records he obtained or heard of during an evidentiary hearing held in the course of the direct appeal. McGregor also notes his belief that the OSBI has several of his statements taken in connection with other cases. McGregor has not shown that this information, including phone records and statements developed in the evidentiary hearing, creates a substantial question of compliance with earlier discovery orders. McGregor has not shown that any of this material is exculpatory or would have resulted in a different outcome at trial.[26] McGregor's request for discovery is denied.

We have carefully reviewed McGregor's applications for post-conviction relief and dis-

covery and find that he is not entitled to relief. The Application for Post–Conviction Relief and Motion for Discovery are **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN, J., concurs in result.

LANE, J., dissents.

LUMPKIN, Judge, concurring in result:

I concur, based on *stare decisis*, in the discussion dealing with ineffective counsel. *See Walker v. State*, 933 P.2d 327, 341–44 (Okl.Cr.1997) (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker*. Simply requiring a petitioner show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker* at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test the first part of which is essentially worthless, I must conclude there is more to this first "prong" than meets the eye. There must be more of a requirement to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See*, e.g., *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v.*

---

**26.** Rule 9.7(D)(3). McGregor has not shown why his statements in relation to other cases are even relevant.

**1.** We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.

*Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

LANE, Judge, dissenting.

I dissent and would remand this case to the trial court for a proper determination of competency for the same reasons I dissented in *Walker v. State,* 933 P.2d 327, 344 (Okl.Cr. 1997).