**Gary Alan WALKER, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–89–305.**

Court of Criminal Appeals of Oklahoma.

May 23, 1997.

Gloyd L. McCoy, Coyle & McCoy, Oklahoma City, Jack Gordon, Gordon & Gordon, Claremore, for petitioner on appeal.

---

## OPINION DENYING POST–CONVICTION RELIEF

STRUBHAR, Vice Presiding Judge:

Petitioner, Gary Alan Walker, was tried by a jury and convicted of First Degree Murder in the District Court of Tulsa County, Case No. CRF–84–2088. In accordance with the jury's recommendation he was sentenced to death. Petitioner appealed this judgment and sentence to this Court and we affirmed both in *Walker v. State*, 723 P.2d 273 (Okl. Cr.), *cert. denied*, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 600 (1986). Petitioner subsequently sought post-conviction relief in the District Court of Tulsa County. After the district court denied his application, he appealed to this Court. The denial of relief was affirmed by this Court in *Walker v. State*, 826 P.2d 1002 (Okl.Cr.), *cert. denied*, 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992).

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. Prior to the disposition of this petition, the United States Supreme Court handed down its decision in *Cooper v. Oklahoma*, —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). Petitioner supplemented his brief on the habeas petition to include a claim for relief under *Cooper*. In an order issued on May 20, 1996, the Federal District Court declined to rule on Petitioner's habeas application until he had exhausted his state remedies and sought review by this Court of the *Cooper* issue. Accordingly, Petitioner has filed a second application for post-conviction relief with this Court based entirely upon the Supreme Court's recent decision in *Cooper*.

Petitioner initially notes that at the time of his post-examination competency hearing Oklahoma law required him to prove his incompetence by clear and convincing evidence. The Supreme Court recently held in *Cooper v. Oklahoma* that this burden of proof is unconstitutional as it violates due process. Petitioner contends that this ruling is an intervening change in law which entitles him to relief. This Court has recently addressed this very issue in *Walker v. State*, 933 P.2d 327 (Okl.Cr.1997). In *Walker* we held that where the clear and convincing standard was not challenged on direct appeal it. is deemed waived for purposes of capital post-conviction review unless petitioner can show that the issue could not have been raised on direct appeal. *Id.* at 339. *See also* 22 O.S.Supp.1995, § 1089(C)(1). Under the Post–Conviction Procedure Act, a legal basis for a claim is deemed to have been unavailable for direct appeal "if the legal ground supporting it either was not recognized by a court as precedent at the time of his direct appeal or is a new rule of constitutional law which has been given retroactive effect." *Walker*, 933 P.2d at 339. *See also* 22 O.S.Supp.1995, § 1089(D)(9)(a) and (b). In light of the Supreme Court's discussion in *Cooper* which found that years of case law support the conclusion that the clear and convincing burden of proof is unconstitutional, this Court found in *Walker* that petitioner's challenge to the clear and convincing burden of proof "was recognized by and could have reasonably been formulated from a final decision of the United States Supreme Court at the time he. filed his direct appeal brief...." *Walker*, 933 P.2d at 339. This Court also found that the United States Supreme Court in *Cooper* did not proffer a new rule of constitutional law but rather "applied well established constitutional principles to facts generated by a rather new state statute." *Id.* Accordingly, this Court denied Walker's claim finding that it did not meet the prerequisite to capital post-conviction review. We find that this same analysis applies to Petitioner's claim in the present case. It is also worthy of notation that because this is not Petitioner's original application for post-conviction relief, but rather a subsequent one, 22 O.S.Supp.1995, § 1089(D)(8) imposes an additional procedural bar to post-conviction relief which has not been overcome in this application. Accordingly, this petition for post-conviction relief is **DENIED.**

CHAPEL, P.J., and JOHNSON and LUMPKIN, JJ. concur.

LANE, J. dissent.

LANE, Judge, dissenting.

I dissent. I would remand this case to the trial court for a proper determination of com-

petency under the requirements of *Cooper v. Oklahoma,* —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), for the same reasons I expressed in *Walker v. State,* 933 P.2d 327, 68 OBJ 316 (Okl.Cr.1997).