1999 OK CR 25

**Eric Allen PATTON, Petitioner,**

v.

**STATE of Oklahoma, Respondent**

**No. PC–98–737.**

Court of Criminal Appeals of Oklahoma.

May 17, 1999.

Hossein Reza Parvizian, Appellate Defense Counsel, Norman, for Petitioner on Appeal.

No response necessary form the State.

## OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY

LUMPKIN, Vice–Presiding Judge:

¶ 1 Petitioner Eric Allen Patton was convicted of First Degree Murder (Count I) (21 O.S.1991, § 701.7) and First Degree Burglary (Count II) (21 O.S.1991, § 1431), Case No. CF–95–55, in the District Court of Oklahoma County. In Count I, the jury found the existence of three (3) aggravating circumstances and recommended the punishment of death. In Count II, Petitioner was sentenced to one thousand one hundred and twenty (1,120) years imprisonment. This Court affirmed the judgments and sentences in *Patton v. State*, 973 P.2d 270 (Okl.Cr. 1998). Petitioner filed his Original Application for Post–Conviction Relief in this Court on September 3, 1998, in accordance with 22 O.S.Supp.1998, § 1089.

¶ 2 Before considering Petitioner's claims, we must again consider the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times:

> [T]he Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State* 888 P.2d 522, 525, 525 (Okl.Cr.1994), *cert. denied*, 516 U.S. 840, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229, 230 (Okl.Cr. 1997). These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker v. State*, 933 P.2d 327, 331 (Okl.Cr.1997). Under 22 O.S.Supp.1998, § 1089(C)(1), the only claims which will be considered on post-conviction are those which "[w]ere not and could not have been raised" on direct appeal and which "support a conclu-

sion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1998, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker,*

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of the direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker,* 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

¶ 3 In Propositions I, II and III, Petitioner asserts he was denied the effective assistance of appellate counsel. Specifically, he finds appellate counsel ineffective for failing to: 1) investigate extra-record material on appeal (Proposition I); 2) present mitigating evidence, *i.e.,* evidence of his good behavior while incarcerated and on parole in California, and while hospitalized at Eastern State Hospital in Vinita, Oklahoma, (Proposition II, which also includes an allegation of trial counsel ineffective assistance); and 3) supplement the direct appeal brief with *Darks v. State,* 954 P.2d 152 (Okl.Cr.1998) to challenge the playing of tape recorded statements containing prejudicial comments and opinions made by the interviewing police officers (Proposition III).

¶ 4 In *Walker,* this Court set forth a three-prong test to review claims of ineffective assistance of appellate counsel.[1] Under this analysis, 1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then 2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). If this burden is met, 3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker,* 933 P.2d at 333 n. 25 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

¶ 5 In Proposition I, the first threshold question is met as direct appeal counsel did

---

1. I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker,* 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis.* Having reviewed Petitioner's application, together with the argument and authority provided, in accordance with the criteria set forth in *Braun v. State,* 937 P.2d 505, 511–14 (Okl.Cr.1997), I find counsel's per-

formance was not deficient and the underlying substantive claim is procedurally barred. In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

not conduct the extra-record investigation into mitigation evidence now sought by post-conviction counsel.[2] We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether counsel's performance was deficient under prevailing professional norms. *Turrentine v. State*, 965 P.2d 985, 989 (Okl.Cr.1998).

■ ¶ 6 Petitioner has failed to show that direct appeal counsel's performance was deficient. Petitioner has merely speculated that further investigation would yield information which might have influenced the jury to spare his life. He has not specified what, if any information, has been discovered with further investigation. This same argument was raised on direct appeal by appellate counsel regarding trial counsel's performance. Along with the direct appeal brief, appellate counsel filed a Motion for Evidentiary Hearing on Sixth Amendment Claims seeking an evidentiary hearing on trial counsel's failure to present additional mitigating evidence and to seek a continuance so that further mitigation evidence could be obtained. This Court found the claims raised in the motion were merely requests for more time to develop and investigate additional mitigating evidence that appellate counsel claimed was available but not discovered by trial counsel. *Patton*, 1998 OK CR 66 ¶ 139, 973 P.2d 270. However, by failing to set forth specific evidence and facts that he had now discovered and claimed were not previously discovered, appellate counsel was in effect seeking discovery to find out if there was any additional evidence available, rather than an evidentiary hearing to include in the record evidence that had already been discovered. *Id.* at ¶ 140, 973 P.2d 270. The appropriate time for discovery is at trial, not on appeal.

¶ 7 Post-conviction counsel has now followed the same course of argument concerning direct appeal counsel. Once again counsel fails to set out specific evidence which has now been discovered and which could have been discovered with further investigation at the time of direct appeal. At this stage of the appellate process, speculation as to what additional investigation might bring and argument that counsel was ineffective for failing to seek additional investigation are unavailing. Here, direct appeal counsel recognized further investigation into the mitigating evidence could be done, but he alleged he was unable to conduct such an investigation. Petitioner's mere speculation as to the possible results of any further investigation at this late date is insufficient to warrant a finding of deficient performance on the part of appellate counsel.

¶ 8 As for Proposition II, the first threshold question is not met as appellate counsel challenged the failure to present additional mitigating evidence at trial.[3] "That post-conviction counsel raises the claim[s] in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel." *Turrentine*, 965 P.2d at 989..

> Further, the doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process.... Just because post-conviction counsel has the benefit of reviewing appellate counsel's brief on direct appeal, and with the benefit of hindsight, envisions a new method of presenting the arguments is not a legal basis for disregard of the procedural bar. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State*, 912 P.2d 349, 353 (Okl.Cr.1996). *See also Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr.1995).

---

**2.** In his direct appeal brief, counsel informed the Court he was "unable to do a complete mitigation investigation outside of the record, and is thus unaware of what such an investigation might reveal." Appellate brief, pg. 96.

**3.** On direct appeal, Petitioner argued that trial counsel was ineffective for failing to request a continuance so that further mitigation evidence could be completed, specifically evidence as to his military service and educational background or achievements. *See Patton*, 973 P.2d at 303.

*Id.* "Post-conviction review is neither a second appeal nor an opportunity for [Petitioner] to re-raise or amend propositions of error already raised in the direct appeal." *Hooper v. State,* 957 P.2d 120, 123, (Okl.Cr.1998).

¶ 9 In this case, the claim of trial counsel's failure to present additional mitigating evidence, as raised on direct appeal, contained relevant legal arguments supported by pertinent facts and legal authority. This was sufficient to enable the Court to consider the issue. That appellate counsel was not successful in his challenges is not grounds for a finding of ineffectiveness. As appellate counsel's challenges to the failure to present additional mitigating evidence were not deficient, further argument on post-conviction would not render the issue meritorious. *Trice v. State,* 912 P.2d 349, 353 (Okl. Cr.1996).

¶ 10 As to the issue raised in Proposition III, the threshold question is met as the direct appeal record shows this claim was not raised on direct appeal. We therefore turn to the second requirement and determine whether counsel's performance was deficient under prevailing professional norms. *Turrentine,* 965 P.2d at 990.

¶ 11 While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker,* 933 P.2d at 334. The mere failure to raise even a meritorious claim does not, in itself, constitute deficient performance. *Mitchell v. State,* 934 P.2d 346, 350 (Okl.Cr.1997); *Walker,* 933 P.2d at 337. Appellate counsel filed a well written, thoroughly researched brief raising numerous claims at least equally meritorious to that which was omitted and is at issue here. We cannot find that appellate counsel's failure to raise the claim at issue here rendered his performance unreasonable under prevailing professional norms. It has not been shown that appellate counsel breached a duty owed to Petitioner, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker,* 933 P.2d at 337. Further, Petitioner has failed to show any external impediment which precluded counsel from raising the issue. *Conover,* 942 P.2d at 233. In addition, direct appeal counsel did raise this issue in his Petition for Rehearing and this Court found the issue was non-meritorious. Therefore, as Petitioner has not established that appellate counsel's performance was deficient, his claim of ineffective assistance of appellate counsel has no merit and his substantive claims remain procedurally barred.

¶ 12 In Propositions II, V, VI, Petitioner raises claims of ineffective assistance of trial counsel. Specifically, he claims trial counsel was ineffective for failing to present mitigating evidence, i.e., evidence of his good behavior while incarcerated in and on parole in California, and while hospitalized at Eastern State Hospital in Vinita, Oklahoma, (Proposition II); for stipulating in closing argument that the aggravating circumstances outweighed the mitigating evidence (Proposition V); and for alluding to the appellate process during closing argument (Proposition VI). The issue of ineffective assistance of counsel was raised and addressed on direct appeal.[4] Therefore, further consideration of the issue is barred by *res judicata.* 22 O.S.Supp.1998, § 1089(C)(1).

¶ 13 Despite the procedural bar of *res judicata,* a claim of ineffective assistance of trial counsel can be brought for the first time on post-conviction, but only if it requires fact-finding outside of the direct appeal record. 22 O.S.Supp.1998, § 1089(D)(4)(b)(1). "The statutory phrase 'fact-finding outside

4. On direct appeal Petitioner argued trial counsel was ineffective for failing to 1) object to the allegations of error raised in Propositions I—XIV; 2) request a continuance so that his psychiatrist, Dr. Smith, could have time to perform a more thorough evaluation and so that further mitigation evidence could be completed; and that 3) trial counsel's concession during second stage closing argument that the aggravating circumstances outweighed the mitigating evidence could not be justified as reasonable trial strategy. To the extent Petitioner's post-conviction claims challenging the effective assistance of trial counsel are different from those raised on direct appeal, further consideration of the issue on its merits is waived as it could have been raised on direct appeal but was not.

the direct appeal record' was never meant to negate the principle of waiver." *McGregor v. State*, 935 P.2d 332, 335 (Okl.Cr.1997). This Court may not review post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to the direct appeal attorney and thus either were or could have been used in the direct appeal. *Walker*, 933 P.2d at 332. The mere absence of a claim from the direct appeal record is not sufficient: the claim is still waived if the facts contained in it were available to the direct appeal attorney and could have been raised on direct appeal. *Id.*

¶ 14 Having reviewed Petitioner's arguments, we find the facts upon which his claims of ineffective assistance of trial counsel are based were contained in the record or could have been available to direct appeal counsel such that the arguments could have been raised in the direct appeal. Because Petitioner's claims of trial counsel ineffectiveness do not turn on facts unknown or unavailable at the time of his direct appeal, he has failed to meet the conditions for review of those claims on the merits and therefore review of the claims is barred. *See Welch v. State*, 1998 OK CR 58, ¶ 6, 972 P.2d 26; *Scott v. State*, 942 P.2d 755, 760 (Okl.Cr.1997).

¶ 15 In Proposition IV, Petitioner argues that should any aggravating circumstance be found invalid on direct appeal, this Court should remand the case to the trial court for a jury determination of sentence rather than conducting its own reweighing. This argument is moot as none of the aggravators found by the jury were invalidated on direct appeal. *See Patton*, 973 P.2d at 306.

¶ 16 Petitioner claims in Proposition VII that Oklahoma's clemency scheme, as currently applied, denies death sentenced petitioners due process. This proposition is not properly raised under the Post–Conviction statute and we do not consider it. 22 O.S.Supp.1998, § 1089. *See also Gilbert v. State*, 955 P.2d 727, 733 (Okl.Cr.1998).

¶ 17 In Proposition VIII, Petitioner challenges the constitutionality of the recent amendments to the capital post-conviction statute. He argues that such amendments contravene the separation of powers, right of access to the courts, the supremacy clause

and his right to due process of law. This Court has previously rejected this argument. *Gilbert*, 955 P.2d at 730. We do so again.

¶ 18 In Proposition IX, Petitioner asserts the cumulative impact of errors identified on direct appeal and post-conviction proceedings rendered the proceedings resulting in the death sentence arbitrary, capricious, and unreliable. His claim of accumulated error on direct appeal is not properly raised on post-conviction and we do not consider it. *Gilbert*, 955 P.2d at 732. As for his argument of cumulative error on post-conviction review, we do not consider it as we find no cumulative error exists. Propositions I, II, III, V and VI are procedurally barred in part by *res judicata* and in part by waiver. Propositions IV is moot. Propositions VII, VIII and X are denied. Therefore, this claim of cumulative error is denied.

¶ 19 In his tenth and final proposition of error, Petitioner asserts that he has presented sufficient evidence of controverted, previously unresolved factual issues concerning appellate counsel's deficient representation to require an evidentiary hearing. Petitioner directs us to 22 O.S.Supp.1998, § 1089(D)(5) and argues that "if this Court determines upon review of the application that 'previously unresolved factual issues material to the legality of the applicant's confinement exist,' and the claim is one which meets the other prerequisites for post-conviction review, an evidentiary hearing is mandatory." (Petitioner's brief, pg. 55). He contends that as the claim of ineffective assistance of appellate counsel could not have been raised earlier, this case should be remanded for a full and fair evidentiary hearing to address the question of ineffective representation on direct appeal.

¶ 20 The requirements for evidentiary hearings in post-conviction proceedings are set forth in Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1998):

> A request for an evidentiary hearing is commenced by filing an application for an evidentiary hearing, together with affidavits setting out those items alleged to be

necessary for disposition of the issue petitioner is advancing. The application for hearing and affidavits submitted by the petitioner shall be cross-referenced to support the statement of specific facts required in the application for post-conviction relief. *See* Section 1089(C)(2) of Title 22. The application for an evidentiary hearing shall be filed together with the application for post-conviction relief. *See* Section 1089(D)(2) of Title 22. **The application for hearing and affidavits must contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief.** (emphasis added).

¶ 21 Here, Petitioner has not set forth sufficient information to show this Court by clear and convincing evidence the materials concerning direct appeal counsel's representation have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief. He has not set forth any evidence which has been discovered and is now presented to the Court for consideration as to whether it meets the threshold requirements for an evidentiary hearing. He merely presents allegations which are nothing more than unsupported conclusions. Such allegations are merely speculation as to what might be discovered at a later date rather than evidence which has already been developed and needs to be included in the record on appeal to adjudicate the issues raised. Therefore, this proposition is denied.

## DECISION

¶ 22 After carefully reviewing Petitioner's Application for post-conviction relief, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1998, § 1089(D)(4)(a)(1), (2) &

(3). Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED.**

STRUBHAR, P.J., JOHNSON, J., CHAPEL, J., and LILE, J., concur.

