**Dudley Allen POWELL, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**PC–96–1265.**

Court of Criminal Appeals of Oklahoma.

March 20, 1997.

---

9. 22 O.S.Supp.1995, § 1089(D)(9)(a) & (b).

10. — U.S. —, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

11. *Walker v. State*, 933 P.2d. 327, 339–41 (1997).

Judith G. Menadue, Sue Wycoff, Norman, for Petitioner.

1. Powell was tried with co-defendant Brian Spears.

2. For a recitation of the facts, *see Powell v. State,* 906 P.2d 765, 770–71 (Okl.Cr.1995).

3. [1] the murder was especially heinous, atrocious, or cruel; and [2] the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution. *See* 21 O.S.1981, § 701.12(4) and (5).

4. Powell filed an original application for post-conviction relief in this Court on October 10, 1996, stating that the application was filed prior to its due date because of time constraints at the Oklahoma Indigent Defense System and because

*OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUESTS FOR AN EVIDENTIARY HEARING AND DISCOVERY*

STRUBHAR, Vice Presiding Judge:

Dudley Allen Powell, Petitioner, was tried by jury in the District Court of Garvin County, Case No. CRF–90–191,[1] before the Honorable J. Kenneth Love, District Judge, and convicted of Murder in the first degree (21 O.S.Supp.1989, § 701.7) for the death of Jimmy Dewayne Thompson.[2] The jury found two (2) aggravating circumstances [3] and recommended death. The trial court sentenced Powell accordingly. Powell appealed his Judgment and Sentence to this Court and we affirmed. *Powell v. State,* 906 P.2d 765 (Okl. Cr.1995). On September 15, 1995, this Court granted Powell's petition for rehearing to correct an omission in the Court's opinion, but found no relief was warranted. *Powell v. State,* 906 P.2d at 784 (Okl.Cr.1995). The United States Supreme Court denied Powell's petition for a writ of certiorari on April 15, 1996. *Powell v. Oklahoma,* —— U.S. ——, 116 S.Ct. 1438, 134 L.Ed.2d 560 (1996). On December 2, 1996, Powell filed an amended original application for post conviction relief.[4] We deny Powell's amended original application for post-conviction relief and requests for an evidentiary hearing and discovery.

■ Recently, this Court explained its review of collateral claims raised in an original post-conviction application filed pursuant to the Post–Conviction Procedure Act, 22 O.S.Supp.1995, § 1089. *Walker v. State,* 933 P.2d 327 (Okl.Cr.1997). We reiterated that

of ambiguities regarding the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996. On December 2, 1996, Powell's actual due date, he filed a Motion to Amend and Supplement Initial Post–Conviction Application with a more complete and accurate Application. Because the amended original application was filed within the time specified in the briefing schedule set forth in *Sahib Al–Mosawi et. al v. State,* unpublished Order (April 30, 1996), we grant Petitioner's motion and we will review the claims raised in Petitioner's amended original application. *See* Rule 9.7(B)(3), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App.

post-conviction review is a limited review and that we will not consider either post-conviction claims which could have been raised in previous appeals but were not, as such claims are generally waived, or post-conviction claims which were raised and addressed in previous appeals as such claims are barred as *res judicata*. *Walker*, 933 P.2d at 330–31. We further noted that the recent amendments to the Post–Conviction Procedure Act "have made it even more difficult for capital post-conviction applicants to avoid procedural limitations on collaterally asserted claims." *Id.*

■■■ Pursuant to 22 O.S.Supp.1995, § 1089(C)(1), this Court will review on the merits only those capital post-conviction claims that "[w]ere not and could not have been raised" on direct appeal. A capital post-conviction claim 'could not have been raised' on direct appeal: (1) if it is an ineffective assistance of trial or appellate counsel claim that meets the statute's definition of ineffective assistance of trial or appellate counsel;[5] or (2) if the legal basis of the collaterally asserted claim

 a. was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state.... or

 b. is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state ...;[6]

or (3) if the factual basis of the collaterally asserted claim "was not ascertainable through the exercise of reasonable diligence...."[7] *See Walker*, 933 P.2d at 330–31. Once a capital post-conviction applicant has shown that a claim could not have been raised on direct appeal because it falls into one of these categories, he or she must then show in order to avoid the statute's procedural bar that the allegations in the collateral claim "[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant

is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2).

Powell raises seven propositions in his amended original post-conviction application. Powell argues in his first proposition that he was denied his right to the effective assistance of trial counsel because his trial attorney was deficient in the following ways: counsel was unqualified to represent a capital murder defendant; counsel failed to challenge Garvin County's system of providing public defender services for indigent capital defendants in 1990–1991; counsel had a conflict of interest; counsel failed to seek a change of venue; counsel failed to adequately advise Powell about the State's plea offer; counsel failed to conduct an adequate investigation; counsel failed to investigate or present evidence to negate the element of specific intent and failed to request an intoxication defense instruction; counsel failed to object to inadmissible hearsay statements; counsel failed to object to inadmissible character and prior misconduct evidence; counsel failed to investigate, research and meaningfully litigate all matters regarding severance; counsel failed to request a pre-trial hearing to determine the existence of a conspiracy to support the admission of co-defendant Spears' hearsay statements; counsel failed to object to the admission of Powell's clothing at trial; counsel failed to seek suppression of Powell's pre-trial inculpatory statements; counsel failed to investigate and present available evidence to impeach State witnesses; counsel failed to object to victim-sympathy evidence and to improper prosecutorial comments; counsel failed to ensure the jury was properly instructed in both stages of trial and was fair and impartial; counsel failed to object to the coercive use of the material witness warrants; counsel failed to consult with any experts; counsel failed to investigate and present evidence relevant to both mitigating circumstances and to rebut the State's alleged aggravating circumstances; counsel failed to ensure that the trial court adequately responded to questions posed by the jury during deliberations; coun-

---

**5.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(1) & (2).

**6.** 22 O.S.Supp.1995, § 1089(D)(9)(a) & (b).

**7.** 22 O.S.Supp.1995, § 1089(D)(9).

sel failed to investigate the role of drugs/alcohol in the homicide; counsel failed to object to hair evidence; counsel failed to object to the jury taking exhibits into deliberations; counsel failed to interview the medical examiner or present expert testimony concerning the autopsy report; counsel failed to obtain a witness to testify regarding the conditions of confinement; counsel failed to ensure the jury was not influenced by photographs of the victim; and, counsel failed to adequately object to trial errors, request appropriate admonitions, move for mistrial and otherwise preserve error.

 Under the strict terms of section 1089, we will consider on post-conviction review only those claims of ineffective assistance of trial counsel that [1] were not and could not have been raised on direct appeal; [8] [2] require "factfinding outside the direct appeal record ..." [9] and [3] "[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." [10] *Walker,* 933 P.2d at 331–33. "In other words, ineffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Id.* Accordingly, this Court will not review Powell's post-conviction claim of ineffective assistance

of trial counsel if the facts generating that claim were available to Powell's direct appeal attorney and thus either were or could have been used in his direct appeal. *Id.* Because Powell's ineffective assistance of trial counsel claim does not turn on facts unavailable at the time of his direct appeal,[11] he has failed to meet the pre-conditions to review of his claim on the merits and review of the claim is therefore barred. *Walker,* 933 P.2d at 331–33.

Powell also argues that he was denied his right to the effective assistance of appellate counsel. Powell claims he was denied meaningful appellate review because appellate counsel failed to assert and preserve relevant meritorious claims. Powell asserts there is no "reasonable strategic reason" why appellate counsel did not raise meritorious claims and therefore he was denied effective assistance of appellate counsel.

Powell asserts appellate counsel was deficient because she failed to raise a claim of trial counsel ineffectiveness based on the instances cited in his first proposition. Powell further asserts that appellate counsel was deficient in failing to raise the substantive issues he now raises in Propositions II through VI [12] which he claims would have warranted relief on direct appeal.

 First, Powell must show that his claim of ineffective assistance of appellate

---

8. 22 O.S.Supp.1995, § 1089(C)(1).

9. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1).

10. 22 O.S.Supp.1995, § 1089(C)(2).

11. Powell has submitted in support of his claim of ineffective assistance of trial counsel affidavits from Powell himself, trial counsel, two psychologists, a forensic pathologist, a blood alcohol chart, the autopsy report, various newspaper articles, various court documents concerning material witness Mickey Daniels and co-defendant Clay Johnson, pre-trial statements of Vickie Hensley, Mickey Daniels, Powell, Clay Johnson, LaShonda Austin, Brian Spears and an affidavit from attorney Kent Eldridge. Despite the fact that these documents were not physically part of Powell's direct appeal record, the information contained in them was available to Powell's direct appeal attorney and thus could have been argued on direct appeal. There is no evidence in this record that the persons making affidavits

were unavailable or unwilling at the time of Powell's appeal to provide sworn statements or that the tangible evidence such as the pre-trial statements and newspaper articles were either not in existence at the time Powell's direct appeal was filed or were kept from Powell's direct appeal attorney.

12. Proposition II: Mr. Powell was denied a fair trial and a fair and reliable sentencing determination.

Proposition III: Mr. Powell was denied a fair trial and a reliable determination of the appropriate sentence due to fundamental errors in the jury instructions.
Proposition IV: Improper and coercive use of material witness warrants.
Proposition V: The prosecution's misconduct denied Mr. Powell his rights to a fair trial and a fair and reliable sentencing decision.
Proposition VI: Mr. Powell was denied a fair and impartial jury.

counsel could not have been previously raised. A claim of ineffective assistance of appellate counsel could not have been raised if:

it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations [of ineffectiveness] in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[13]

"According to these guidelines, the threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation." *Walker*, 933 P.2d at 333. If a petitioner establishes that his or her appellate counsel actually committed the act supporting the allegation of ineffectiveness, the next inquiry is (2) whether such performance was deficient under the first prong of the two-pronged test enunciated in *Strickland v. Washington*.[14] As the *Walker* court noted, proving deficient performance is no easy task and the burden is on capital post-conviction applicants to set forth sufficient facts and law to enable this Court to fully assess appellate counsel's allegedly deficient performance. *Walker*, 933 P.2d at 333–35. Lastly, if a petitioner meets his or her heavy burden to prove deficient attorney performance, we may review the mishandled substantive claim only if the petitioner also shows that the outcome of the trial would have been different but for the errors or that the petitioner is factually innocent. 22 O.S.Supp.1995, § 1089(C)(2).

■ "Under the terms of the new statute, capital post-conviction petitioners must prove deficient attorney performance as a precondition to having their underlying claim reviewed." *Walker*, 933 P.2d at 334. In addition, under the new statute, a capital post-conviction petitioner's burden to prove prejudice for ineffective assistance of appellate counsel allegations is eliminated from the threshold inquiry and the pivotal and narrow threshold issue now is simply whether appellate counsel's performance was deficient under prevailing professional norms. *Id.* "This issue may be fully analyzed without examining the merits of the technically waived, substantive claim which was allegedly mishandled." *Id.*

In *Walker*, this Court set forth a non-exhaustive list of duties an appellate attorney owes his or her client and stated:

In assessing whether appellate counsel sufficiently performed these duties, our overriding concern is "whether counsel's assistance was reasonable considering all the circumstances." To preserve both appellate attorneys' constitutionally protected independence and their wide latitude in making tactical decisions, however, this Court must be "highly deferential" in scrutinizing their performance. Accordingly, we must evaluate appellate counsel's challenged conduct from counsel's perspective at the time; indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; and, recognize that there are countless ways to provide effective assistance in a given case.

*Id.* (footnotes omitted)

We now turn to Powell's specific allegations of appellate counsel ineffectiveness. Powell first alleges that appellate counsel was deficient because she failed to raise a claim of trial counsel ineffectiveness based on the instances cited in his first proposition. A review of the direct appeal shows appellate counsel did raise a claim of ineffective assistance of trial counsel citing as deficient performance trial counsel's failure to object to co-defendant Spears' hearsay statements, failure to request voluntary intoxication and first degree diminished capacity manslaughter instructions, failure to request an *Enmund*[15] instruction and failure to object to various instances of prosecutorial misconduct. Because this portion of the claim has

---

**13.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

**14.** 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

**15.** *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).

been addressed, further review of these instances is precluded under § 1089(C)(1).

The other instances of trial counsel ineffectiveness were not raised on direct appeal. As such, Powell has met his threshold burden to prove that the conduct he attacks as deficient actually occurred. We thus reach the next level of inquiry, which is whether appellate counsel's omission of these claims of trial counsel ineffectiveness constituted deficient performance of appellate counsel.

■ In alleging ineffective assistance in this instance, Powell makes no attempt to establish that appellate counsel breached any duties owed to him, or that appellate counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance. To prove that appellate counsel's performance was deficient, Powell instead reasons that an appellate attorney who omits arguably meritorious claims is always ineffective. We rejected the same claim in *Walker* finding that "such a conclusory allegation, standing alone, will never support a finding that an attorney's performance was deficient." *Walker*, 933 P.2d at 336. Because Powell has failed to provide this Court with any evidence why appellate counsel failed to raise a claim of ineffective assistance of trial counsel, he has failed to meet his burden of showing appellate counsel's performance was deficient under prevailing professional norms. *Id.* Accordingly, Powell's substantive claims of ineffective assistance of trial counsel are procedurally barred and will not be reviewed on the merits. *Id.*

Next, Powell asserts that appellate counsel was deficient in failing to raise the substantive issues he now raises in Propositions II through VI.[16] Again, Powell makes no attempt to establish that appellate counsel breached any duties owed to him, or that appellate counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance. Powell once again reasons that an appellate attorney who omits arguably meritorious claims is always ineffective. As stated above, we reject this contention and require petitioners to set forth sufficient facts and law to enable this Court to fully assess appellate counsel's allegedly deficient performance. *Id.* at 333–35. Because Powell has failed to provide this Court with any evidence why appellate counsel failed to raise the substantive claims argued in Propositions II through VI, he has failed to meet his burden of showing appellate counsel's performance was deficient under prevailing professional norms. *Id.* at 336. Accordingly, the substantive claims Powell raises in Propositions II through VI are procedurally barred and will not be reviewed on the merits under a claim of ineffective assistance of appellate counsel. *Id.*

In his second proposition of error, Powell asserts that he was denied a fair trial and a reliable sentencing determination because the trial court admitted inadmissible hearsay statements of Powell's co-defendant, hideous and repulsive photographs of the victim and improper victim-sympathy evidence. Powell also argues the aggravating circumstances alleged in this case were duplicitous and were applied improperly and that relevant mitigating evidence was not presented to the jury.

On direct appeal, we addressed the hearsay statements of Powell's co-defendant,[17] the photographs of the victim[18] and the victim-sympathy evidence.[19] We also reviewed the sufficiency of the evidence of the two aggravating circumstances found by the jury and several of the second stage jury instructions and found no harmful error.[20] Inasmuch as these claims have been addressed, further review is precluded under section 1089(C). The remainder of these claims could have been raised on direct appeal but were not, and therefore such claims are waived precluding further review. 22 O.S.Supp.1995, § 1089(C).

---

16. *See* n. 12, *supra.*

17. *Powell,* 906 P.2d at 772–73.

18. *Id.* at 779–80.

19. *Id.* at 776–77.

20. *Id.* at 781–83.

In his third proposition of error, Powell argues the jury was not properly instructed. Powell challenges several of the instructions administered in both the guilt and penalty stages of trial. He further claims plain error occurred when the trial court failed to instruct the jury that it had to find unanimously that Powell had committed first degree murder either with malice aforethought or during the course of an armed robbery. Powell additionally claims the evidence was insufficient to sustain his first degree murder conviction using either a felony murder or a malice murder theory. Lastly, Powell claims the trial court failed to adequately respond to questions posed by the jury during deliberations.

On direct appeal, we addressed the lack of a unanimity instruction,[21] the sufficiency of the evidence,[22] the flight instruction,[23] the instruction defining "especially heinous, atrocious, or cruel,"[24] the lack of an *Enmund* instruction,[25] the lack of an instruction informing the jury it could return a life sentence regardless of its findings regarding aggravating and mitigating circumstances,[26] the antisympathy instruction,[27] the instructions concerning mitigating circumstances[28] and the instruction concerning the weighing of aggravating circumstances and mitigating circumstances.[29] Inasmuch as these claims have been addressed, further review is precluded under section 1089(C). The remainder of these claims could have been raised on direct appeal but were not, and therefore such claims are waived precluding further review. 22 O.S.Supp.1995, § 1089(C).

In his fourth proposition, Powell argues the prosecutor misused a material witness warrant to coerce false and unreliable testimony from material witness Vickie Hensley. He claims the prosecutor "paid" Hensley with her freedom and allowed her to be reunited with her baby as a means to elicit false evidence from her. Powell further claims that the prosecutor failed to disclose that Hensley's bond was "drastically" reduced by agreement and that the prosecutor met with Hensley a few days before her bond was reduced. Powell contends an evidentiary hearing must be held "given the strong possibility of a *Brady* violation."

Once again Powell must show this Court that his post-conviction claim could not have been raised on direct appeal. Powell provides this Court with no evidence why this claim could not have been raised on direct appeal. The district court record showed when Hensley was arrested, how long she stayed in jail and that her bond was reduced "by agreement" with the State. These facts were known or could have been easily ascertained at the time Powell's direct appeal was filed. As Powell has failed to show why this claim could not have been raised on direct appeal, we are precluded from reviewing this claim on the merits and find that this claim is procedurally barred.

In his fifth proposition of error, Powell argues prosecutorial misconduct deprived him of a fair trial. He claims the prosecutor used misleading and/or false testimony, selectively prosecuted Powell and made improper arguments to the jury. On direct appeal, we reviewed a claim of prosecutorial misconduct based on an allegation the prosecutor inflamed the jury by arguing improper victim-sympathy/impact evidence.[30] Inasmuch as this claim has been addressed, further review is precluded under section 1089(C). The remainder of these claims could have been raised on direct appeal but were not, and therefore such claims are waived precluding further review. 22 O.S.Supp.1995, § 1089(C).

In his sixth proposition of error, Powell argues he was denied a fair and impartial

21. *Id.* at 775–76.

22. *Id.* at 773–75.

23. *Id.* at 778–79.

24. *Id.* at 782.

25. *Id.* at 782–83.

26. *Id.* at 783.

27. *Id.*

28. *Id.*

29. *Id.*

30. *Id.* at 776–77.

jury because of pre-trial publicity and because several members of the jury knew the victim, his family members or others associated with the case. On direct appeal, we addressed whether the trial court properly ruled on a challenge for cause because a prospective juror knew co-defendant Johnson's father.[31] Inasmuch as this claim has been addressed, further review is precluded under section 1089(C). The remainder of these claims could have been raised on direct appeal but were not, and therefore such claims are waived precluding further review. 22 O.S.Supp.1995, § 1089(C).

In his final proposition, Powell challenges the constitutionality of the recent amendments to the Post–Conviction Procedure Act. He contends the amendments constitute a denial of the right to habeas corpus embodied in the Post–Conviction Act and guaranteed by Article 2, Section 10 of the Oklahoma Constitution and deprive him of access to the courts, a meaningful and reliable corrective process, the meaningful and effective assistance of counsel in collateral review proceedings, due process and equal protection. We recently reviewed and rejected such a constitutional attack on Oklahoma's current capital post-conviction procedure. *Walker*, 933 P.2d at 330–31; *Hatch v. State*, 924 P.2d 284, 289–293 (Okl.Cr.1996). Accordingly, Powell's final proposition is denied.

We now turn to Powell's requests for an evidentiary hearing and discovery. In *Walker*, we stated:

> We have held that post-conviction applicants are not entitled to evidentiary hearings, and the new capital post-conviction statute does not specifically address motions for evidentiary hearings. Under the statute, it is this Court's responsibility to assess the propositions raised and determine whether "controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist." If we encounter such factual controversies, we are free to issue an order—such as an order for an evidentiary hear-

ing—to help facilitate post conviction review.

*Walker*, 933 P.2d at 340 (footnotes omitted)

As in *Walker*, we have reviewed Powell's seven propositions of error and have found no controverted previously unresolved material factual issues that would warrant an evidentiary hearing. Because Powell's motion relies solely upon the claims set forth in his seven propositions, and does not present any additional factual issues that would warrant an evidentiary hearing, Powell's motion for an evidentiary hearing is denied. *Id.*

██ Powell has also filed a motion for discovery. Powell does not argue that the trial court denied him full and fair discovery, but rather, claims that his ability to raise meaningful post-conviction claims is conditioned upon his ability to conduct extensive discovery. The *Walker* court stated that "[t]his Court has never allowed unfettered discovery in post-conviction proceedings, and the new post-conviction statute in no way broadens a petitioner's discovery rights." *Id.* (footnote omitted) Because discovery is not warranted in this matter, we deny Powell's motion for discovery. *See* Rule 9.7(D)(3), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1996, Ch. 18, App.

After carefully reviewing Powell's application for post-conviction relief and requests for discovery and an evidentiary hearing, we find that there exist no controverted, previously unresolved factual issues material to the legality of Powell's confinement, that Powell could have previously raised his collaterally asserted claims for relief, and that Powell is not entitled to relief. Accordingly, Powell's Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED.**

CHAPEL, P.J., LANE and JOHNSON, JJ., concur.

LUMPKIN, J., concurs in result.

---

**31.** *Id.* at 771–72.