1998 OK CR 13

**Vincent Allen JOHNSON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–97–261.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1998.

Sandra Mulhair Cinnamon, Bryan Lester Dupler, Hossein Reza Parvizian, Assistant Appellate Indigent Defenders, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

### OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF AND REQUESTS FOR AN EVIDENTIARY HEARING AND DISCOVERY

JOHNSON, Judge:

¶1 Vincent Allen Johnson, Petitioner, was tried by a jury before the Honorable Steven W. Taylor in the District Court of Pittsburg County, Case No. F–91–114. Johnson was convicted of First–Degree Malice Aforethought Murder. During sentencing, the jury found (1) Johnson was previously convicted of felonies involving the use or threat of violence to the person; (2) the murder was committed for remuneration or the promise of remuneration; and (3) Johnson posed a continuing threat to society. Johnson was ultimately sentenced to death. Johnson appealed his Judgment and Sentence to this Court and we affirmed. *Johnson v. State,* 1995 OK CR 62, 911 P.2d 918. The United States Supreme Court denied certiorari on October 6, 1996. *Johnson v. Oklahoma,* —— U.S. ——, 117 S.Ct. 116, 136 L.Ed.2d 67 (1996).

¶2 On April 11, 1997, Johnson filed an Application for Post–Conviction Relief together with requests for discovery and an evidentiary hearing with this Court.[1] Under Oklahoma's post-conviction statutes, the issues that may be raised in post-conviction are limited to those which: (1) "[w]ere not or could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C). *See also McGregor v. State,* 1997 OK CR 10, 935 P.2d 332, 333–334, *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). On review, this Court must determine "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist (2) whether the applicant's grounds were or could have been previously raised and (3) whether relief may be granted...." 22 O.S.1995, § 1089(D)(4)(a). The Post–Conviction Procedure Act is not intended to provide a second appeal. *Walker v. State,* 1997 OK CR 3, 933 P.2d 327, 330, *cert. denied,* —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Issues which were raised on direct appeal are barred by *res judicata. McGregor,* 935 P.2d at 334. Issues which could have been raised on direct appeal but were not are waived. *Id.*

---

1. 22 O.S.Supp.1995, § 1089(D)(1) provides that an original application for post-conviction relief shall be filed with this Court. The recent amendments to the Post–Conviction Procedure Act do not require the State to respond to the original application and no State response was filed.

¶ 3 In total, Johnson raises 10 propositions of error. In Propositions I, III and V, Johnson claims ineffective assistance of both trial and appellate counsel. "[I]neffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker*, 933 P.2d at 332. The mere absence of facts from the direct appeal record is insufficient to trigger review. *Id.* Johnson's claims of ineffective assistance of trial counsel do not depend on facts unavailable at the time of his direct appeal. *Powell v. State*, 1997 OK CR 19, 935 P.2d 378, 382. Thus, Johnson's claims of ineffective assistance of trial counsel are barred.

¶ 4 "Ineffective assistance of appellate counsel claims are properly before us only if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms." *McGregor*, 935 P.2d at 335. Ineffective assistance of appellate claims are analyzed under the three-tiered procedural scheme set forth in *Walker, supra*. We must first determine whether a petitioner has established counsel's conduct was deficient under prevailing professional norms. *Walker*, 933 P.2d at 333. If so, we will consider the substantive claim allegedly mishandled by appellate counsel, if that claim is otherwise appropriate for post-conviction review. *Mitchell v. State*, 1997 OK CR 9, 934 P.2d 346, 349, *cert. denied*, — U.S. —, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Walker*, 933 P.2d at 333.

¶ 5 In Proposition I, Johnson claims trial and appellate counsel were ineffective for failing to seek "use immunity" for his alleged accomplice Ted Holt. Johnson submits that Holt's testimony would have demonstrated his factual innocence.[2] The record

clearly demonstrates that counsel had the benefit of Holt's trial testimony when preparing defendant's direct appeal.[3] Therefore, the facts necessary to pursue this issue were available to his direct appeal attorney, and the claim of ineffective assistance of trial counsel is barred by waiver. *Walker*, 933 P.2d at 332.

¶ 6 With regard to the ineffective assistance of appellate counsel claim, Johnson has met the first prong of *Walker* as appellate counsel failed to raise the substantive claim on direct appeal. However, Johnson fails to demonstrate that appellate counsel "breached any duties owed to him, or that [counsel's] judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance." *Walker*, 933 P.2d at 336. Instead, Johnson simply appears to reason that an attorney who omits arguably meritorious claims is *always* ineffective. *Id.* Such a conclusory allegation, standing alone, will not support a finding that an attorney's performance was deficient. *Id.* Therefore, the substantive claim remains procedurally barred and will not be considered on the merits.

¶ 7 Johnson claims in Proposition III that trial and appellate counsel were ineffective for failing to challenge the trial court's instruction on the capital sentencing option of life without parole. This claim of ineffective assistance of trial counsel does not require fact-finding outside the direct appeal record and is thus barred by waiver. *Walker*, 933 P.2d at 332. With regard to the ineffective assistance of appellate counsel portion of this claim, Johnson has met the first prong of *Walker* as appellate counsel failed to raise this issue on direct appeal. However, beyond arguing the substantive merits of the claim, Johnson fails to present any facts showing why this omission constituted deficient performance. "Mere failure to raise a claim will not constitute deficient performance." *Bryan v. State*, 1997 OK CR

---

2. Johnson further submits Holt's testimony would have demonstrated that he was not promised renumeration for killing the decedent and that he did not pose a continuing threat to society.

3. On February 18, 1992, the District Court entered an order permitting appellate counsel to obtain audiocassette tapes of the entire jury trial proceedings in the Ted Holt case.

69, 948 P.2d 1230, 1234 (Okl.Cr.1997). Johnson has failed to demonstrate appellate counsel's performance was ineffective and the substantive claim remains barred.

¶ 8 In Proposition V, Johnson maintains that trial counsel failed to reasonably investigate, prepare, and present relevant mitigating evidence, and that appellate counsel was ineffective for failing to raise this issue on direct appeal. Johnson's ineffective assistance of trial counsel claim is barred as Johnson acknowledges that this claim was obvious from the record at the time of the direct appeal.[4] With regard to his ineffective assistance of appellate counsel claim, Johnson has met the first prong of *Walker* as appellate counsel failed to raise this issue on direct appeal. However, Johnson has once again failed to present any facts which demonstrate why this omission constituted deficient performance. Again, a conclusory allegation, standing alone, will not support a finding that an attorney's performance was deficient. *Walker*, 933 P.2d at 336. This substantive claim remains barred.

¶ 9 In Propositions II, IV and VI, Johnson attempts to avoid application of Oklahoma's capital post-conviction statute in Propositions I, III and V by asserting a "free-standing federal constitutional claim" of error. Thus, Johnson submits these claims must be reviewed pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As was recently discussed in *Bryan*, 1997 OK CR 69, ¶ 8, 948 P.2d at 1234, "State procedural bars may preclude consideration of otherwise cognizable constitutional claims." This Court will not bypass the post-conviction statute in order to consider federal constitutionally-based claims that are barred by procedural default. *Bryan*, 1997 OK CR 69, ¶ 8, 948 P.2d at 1234. Thus, these claims remain barred.

¶ 10 In Proposition VII, Johnson claims the prosecution failed to disclose exculpatory evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Johnson primarily contends the State improperly suppressed a briefcase containing documents which corroborated Deborah Johnson's testimony concerning Mr. Johnson's whereabouts during the time of the Mooneyham murder. The briefcase was returned to Johnson's brother some time prior to Johnson's trial. Johnson further complains that other relevant and potentially exculpatory materials have been lost or are missing.[5]

¶ 11 Under the revised post-conviction procedure act, Johnson must show this claim was not and could not have been raised on direct appeal and that it supports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. 22 O.S.Supp.1995, § 1089(C)(1) & (2). We have carefully reviewed this allegation, but are unable to conclude this claim could not have been raised on direct appeal. Moreover, we are unable to conclude this claim would have changed the outcome of the trial or that it supports the conclusion that Johnson is factually innocent. Accordingly, this proposition is waived.

¶ 12 In Proposition VIII, Johnson urges this Court to reconsider its decision upholding the "continuing threat" aggravating circumstance in his direct appeal. Johnson submits that this request is not barred by *res judiciata* because of the Tenth Circuit's holding in *United States v. McCullah*, 76 F.3d 1087 (10th Cir.1996), *reh'g and suggestion for reh'g en banc den.*, 87 F.3d 1136 (10th Cir.1996). *McCullah* is not an intervening change in the law for the purposes of the amended capital post-conviction statute. *Scott v. State*, 1997 OK CR 40, 942 P.2d 755, 760–61. This proposition is barred.

---

4. It should further be noted that while Johnson asserts that the testimony of "uncalled and uninterviewed witnesses undoubtedly would have benefited" him in the sentencing trial, Johnson fails to identify who these witnesses are and how they would have benefited him at trial.

5. Johnson asserts the following items are missing: (1) a .22 caliber derringer Johnson was allegedly carrying when he was arrested for Driving Under the Influence of Alcohol in LeFlore County; (2) the inventory of items taken from his truck after his arrest in LeFlore County; and (3) complaints or citations relating to his arrest in LeFlore County.

¶ 13 Johnson urges this Court in his ninth proposition to adopt the American Bar Association's recommendation of a moratorium on executions. This proposition of error is not cognizable under the current post-conviction statute and we do not consider it. *See Bryan*, 1997 OK CR 69, ¶ 10, 942 P.2d at 1234.

¶ 14 In Proposition X, Johnson requests an evidentiary hearing. Johnson submits that an evidentiary hearing is an absolute prerequisite to the evaluation of his "free-standing constitutional claims" that he has been denied effective assistance of counsel. Ultimately, Johnson desires an evidentiary hearing to determine the effects on his case of a procedural change in the law. This is not an appropriate issue for an evidentiary hearing. Rule 9.7(D)(5), *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (1996). *See also Bryan*, 1997 OK CR 69, ¶ 11, 942 P.2d at 1234. Johnson's request for an evidentiary hearing is denied.

¶ 15 Finally, Johnson also requests discovery.[6] Discovery is not required in post-conviction proceedings. *McGregor*, 935 P.2d at 336; *Rojem v. State*, 1996 OK CR 47, 925 P.2d 70, 74. However, "[t]his Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement [ ] exist." *McGregor*, 935 P.2d at 336. *See also Scott*, 942 P.2d at 761. Pursuant to Rule 9.7(D)(5), Johnson must provide this Court with information showing by clear and convincing evidence that the material sought is likely to have support in law and fact to be relevant to a claim raised in his post-conviction application.

¶ 16 Upon careful review of all the materials submitted in support of Johnson's requests, we find that his discovery motions should be denied. Johnson has failed to demonstrate that any of the requested material is exculpatory or would have resulted in a different outcome at trial. *McGregor*, 935

P.2d at 337; Rule 9.7(D)(3). Consequently, Johnson's requests for discovery are denied.

¶ 17 We have carefully reviewed Johnson's application for post-conviction relief and his requests for an evidentiary hearing and discovery, and find that Johnson is not entitled to relief. The Application for Post-Conviction Relief and requests for an evidentiary hearing and discovery are **DENIED**.

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurring in results:

¶ 1 I concur, based on *stare decisis*, in the discussion dealing with ineffective assistance of counsel. See *Walker v. State*, 1997 OK CR 3, 933 P.2d 327, 341–344 (Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State*, 1997 OK CR 26, 937 P.2d 505, 511–514, I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

¶ 4 I also agree the request for an evidentiary hearing should be denied. Petitioner does not present any facts to support his request, only speculation that he might be able to discover something. This type of pleading does not even present a threshold showing, much less satisfy the burden of proof Petitioner must satisfy pursuant to

---

6. On March 21, 1997, Johnson filed a Motion for Discovery or in the Alternative Remand to the District Court to Rule on this Motion for Discovery. Johnson additionally filed a Motion for Discovery on April 11, 1997.

*Rules of the Court of Criminal Appeals,* Title 22, Ch. 18, App. (1995).

942 P.2d 229, 234–35, (Lane, J., concur in result).

LANE, Judge, concurring in results:

¶ 1  I concur in results by reason of *stare decisis.*  I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39 ¶¶ 1–5,