1998 OK CR 26

**Lonnie Wright RICHIE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–96–1556.**

Court of Criminal Appeals of Oklahoma.

April 29, 1998.

Kristi L. Christopher, Capital Post Conviction, Oklahoma Indigent Defense System, Norman, for petitioner.

#### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUESTS FOR AN EVIDENTIARY HEARING AND DISCOVERY

JOHNSON, Judge.

¶ 1 Lonnie Wright Richie, Petitioner, was tried by a jury in the District Court of Tulsa County, Case No. CF–91–3676, before the Honorable B.R. Beasley. Petitioner was convicted of Kidnapping for Extortion, Robbery with Firearm, First Degree Malice Murder, Unauthorized Use of a Debt Card and Larceny of an Automobile. The jury found the Petitioner guilty on all counts and assessed punishment at 99 years imprisonment for the kidnapping, 60 years imprisonment for the robbery, death for the murder, 20 years imprisonment for the unauthorized use of a debt card and 30 years imprisonment for the larceny. The trial court sentenced Richie accordingly. Richie appealed his Judgment and Sentence to this Court, and we affirmed. *Richie v. State,* 1995 OK CR 67, 908 P.2d 268. A request for rehearing was denied on January 17, 1996. The United States Supreme Court denied certiorari on October 6, 1996. *Richie v. Oklahoma,* —— U.S. ——, 117 S.Ct. 111, 136 L.Ed.2d 64 (1996).

¶ 2 On December 18, 1996, Richie filed an original application for post-conviction relief together with requests for discovery and an evidentiary hearing with this Court.[1] Under Oklahoma's post-conviction statutes, the issues that may be raised in post-conviction are limited to those which: (1) "[w]ere not or could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C). *See also McGregor v. State,* 1997 OK CR 10; 935 P.2d 332, 333–334, *cert. denied,* — U.S. —, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). On review, this Court must determine "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted...." 22 O.S.1995, § 1089(D)(4)(a). The Post–Conviction Procedure Act is not intended to provide a second appeal. *Walker v. State,* 1997 OK CR 3, 933 P.2d 327, 330, *cert. denied,* — U.S. —, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Issues which were raised on direct appeal are barred by *res judicata. McGregor,* 935 P.2d at 334. Issues which could have been raised on direct appeal but were not are waived. *Id.*

¶ 3 In total, Richie raises 15 propositions of error and one additional allegation titled preliminary complaint. Based on the foregoing precepts, we find the issues raised in Richie's fourth,[2] sixth,[3] ninth,[4] tenth[5] and fourteenth[6] propositions of error are waived as they could have been raised on direct appeal but were not. The claims raised in Richie's third,[7] eighth[8], eleventh[9], twelfth[10] and thirteenth[11] propositions of error are

1. 22 O.S.Supp.1995, § 1089(D)(1) provides that an original application for post-conviction relief shall be filed with this Court. The recent amendments to the Post–Conviction Procedure Act do not require the State to respond to the original application and no State response was filed.

2. Proposition IV: Mr. Richie was denied his right to due process to not stand trial when he was incompetent by the failure of the trial court to appoint an expert to assist the defense in determining Mr. Richie's competency, and trial counsel's ineffectiveness for failing to investigate and raise the issue of Mr. Richie's incompetency at trial *especially considering* that Mr. Richie is actually incompetent.

3. Proposition VI: As a result of juror bias, Mr. Richie was denied his right to a trial and sentencing by an impartial jury, in violation of his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. Proposition IX: Mr. Richie's fundamental right to a presumption of innocence was violated because of the unwarranted, excessive security measures taken by the trial court.

5. Proposition X: The jury was not properly instructed regarding life without parole, and as a result Mr. Richie was denied due process of law and a reliable sentencing proceeding in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article II Section 7 of the Oklahoma Constitution.

6. Proposition XIV: The trial court did not have jurisdiction to try Mr. Richie as he had not been properly bound over for the offenses.

7. Proposition III: This Court erred in upholding Mr. Richie's first degree malice aforethought murder conviction in light of the fundamental errors created by the reversal of the felony murder conviction due to jurisdictional problems.

8. Proposition VIII: The erroneous heinous, atrocious, and cruel instruction given by the trial court could not have been harmless in light of the trial court's specific factual findings on the non-existence of physical abuse or torture.

9. Proposition XI: Collateral information provides further support for claims that the trial court committed reversible error violating Mr. Richie's Sixth Amendment right to confrontation by not granting a new trial to Mr. Richie when the State's medical examiner made reference to the confession of the co-defendant during his testimony, thus improperly introducing a statement by the co-defendant inculpating Mr. Richie.

10. Proposition XII: This Court erred in finding that the evidence effectively precluded every reasonable hypothesis except that of guilt with respect to Mr. Richie's conviction for robbery with a firearm.

11. Proposition XIII: This Court erred in failing to consider that the reason the trial court refused to issue a second-degree murder instruction was because of the felony murder part of the charge and not because the evidence was insufficient for the instruction.

barred by *res judicata* and/or are waived as the additional arguments raised within these propositions could have been raised on direct appeal but were not.

■ ¶4 In the Proposition labeled Preliminary Complaint, Petitioner challenges the constitutionality of Oklahoma's capital post-conviction regime.[12] Petitioner submits that the new statutes violate due process, equal protection, and *ex post facto* principles. Petitioner further claims these violations are exacerbated by Oklahoma's "legendary" inadequacies in both funding and staffing of post-conviction litigation.[13] This Court has consistently rejected a constitutional attack on Oklahoma's current capital post-conviction procedure. *Mitchell v. State,* 1997 OK CR 9, 934 P.2d 346, 349, *cert. denied,* — U.S. —, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Rogers v. State,* 1997 OK CR 7, 934 P.2d 1093, 1096. Accordingly, this proposition is denied.

¶5 In his first proposition, Richie claims ineffective assistance of trial counsel due to trial counsel's failure to (1) investigate and pursue the issue of competency; (2) test the State's evidence; (3) investigate Richie's drug use the day of the crime; (4) investigate Richie's mental deficiencies; (5) present available mitigation evidence of Richie's organic brain damage; (6) request a jury instruction on voluntary intoxication; (7) present sufficient evidence as to intoxication warranting an instruction; (8) present sufficient evidence to support a first degree manslaughter instruction; (9) present sufficient evidence to support the requested second-degree murder instruction; (10) present sufficient evidence to rebut the State's accusation of a continuing threat; (11) request a change of venue based on pretrial publicity; and (12) object to Christy Windel's testimony based on maritial privilege.

■ ¶6 "[I]neffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not

have been made part of the direct appeal record." *Walker,* 933 P.2d at 332. The mere absence of facts from the direct appeal record is insufficient to trigger review. *Id.* "The statutory phrase 'fact-finding outside the record' was never meant to negate the principle of waiver." *McGregor,* 935 P.2d at 335. Upon careful review, we find Richie's ineffective assistance of trial counsel claims do not turn on facts or information unavailable at the time of his direct appeal. *See Powell v. State,* 1997 OK CR 19, 935 P.2d 378, 382; *Carter v. State,* 1997 OK CR 22, 936 P.2d 342, 345. Consequently, Richie has failed to meet the pre-conditions for review of this claim on the merits. This claim is barred.

¶7 In his second proposition of error, Richie claims he was denied his right to the effective assistance of appellate counsel. Richie asserts appellate counsel either failed to raise certain meritorious claims on direct appeal or failed to assert them artfully. Richie specifically claims appellate counsel was deficient (1) for failing to assert Richie was improperly tried on a charge which was added after the preliminary hearing; (2) for failing to investigate and obtain an expert to gather evidence of Richie's incompetence; (3) for failing to attack the trial court's failure to issue a second-degree murder instruction based on kidnapping by extortion; (4) for generally failing to properly investigate, present mitigating evidence, object to venue and other unspecified errors; (5) for failing to direct this Court's attention to the Report of the Trial Judge expressing doubt as to the sufficiency of the evidence regarding the robbery with a firearm charge; and (6) for failing to direct this Court's attention to the Report of the Trial Judge stating that the victim was not harmed or tortured prior to death.

■ ¶8 "Ineffective assistance of appellate counsel claims are properly before us only if the Court finds that if the allegations were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms."

---

12. 22 O.S.1994, § 1089; 22 O.S. Supp.1996, § 1089; *Cf.* 22 O.S.1991, § 1080–1087.

13. Petitioner's Addendum Volume 1, at 2.

*McGregor,* 935 P.2d at 335. Ineffective assistance of appellate claims are analyzed under the three-tiered procedural scheme set forth in *Walker,* 933 P.2d 327. If appellate counsel actually (1) committed the act giving rise to the allegation, this Court will determine whether counsel's conduct was deficient under prevailing professional norms. *Walker,* 933 P.2d at 333. If so, we will then consider (2) the substantive claim allegedly mishandled by appellate counsel and (3) determine whether the claim meets the statutory requirements for review under 22 O.S.Supp.1995, § 1089(C)(2). *See Conover v. State,* 1997 OK CR 39, 942 P.2d 229, 232; *Mitchell,* 934 P.2d at 349; *Walker,* 933 P.2d at 333.

¶9  While Richie has established that the .conduct supporting his allegations of ineffectiveness actually occurred, he has failed to demonstrate that appellate counsel "breached any duties owed to him, or that [counsel's] judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance." *Walker,* 933 P.2d at 336. Instead, Richie simply appears to reason that any attorney who omits arguably meritorious claims is *always* ineffective. Such a conclusory allegation, standing alone, will not support a finding that an attorney's performance was deficient. *Id.* While appellate counsel has a duty to raise relevant issues for this Court's consideration on direct appeal, there is no obligation to raise all available non-frivolous issues. *Id.* at 334. Upon thorough review, we do not find appellate counsel's omission of the issues in question rendered counsel's performance unreasonable under prevailing professional norms. Accordingly, this claim fails and the substantive claims raised within this allegation of error remain procedurally barred. *See McGregor,* 935 P.2d at 336.

¶10  In his fifth proposition, Richie claims the prosecution failed to disclose exculpatory material to the defense in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Richie specifically contends the State failed to provide trial counsel with Mr. Waller's initial statement in which he informed the police he was the last person to see Mrs. Launhardt alive. He further maintains the State failed to reveal that the police had "brutalized" Mr. Waller into "confessing" that Richie killed Mrs. Launhardt.

¶11  Under the revised post-conviction procedure act, Richie must show this claim was not and could not have been raised on direct appeal and that it supports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. 22 O.S.Supp.1995, § 1089(C)(1) & (2). We have carefully reviewed this allegation, but are unable to conclude this claim could not have been raised on direct appeal. Mr. Waller's statement either was known or could have been obtained prior to Richie's direct appeal being filed. Moreover, we are unable to conclude this claim would have changed the outcome of the trial or that it supports the conclusion that Richie is factually innocent. Accordingly, this proposition is waived.

¶12  In his seventh proposition, Richie asserts he was denied his right to a trial by an impartial jury as required by the Sixth, Eighth and Fourteenth Amendments. Richie contends that certain jurors failed to honestly answer questions during voir dire regarding the presumption of innocence and the possible punishments in the event of a guilty verdict. Richie supports this contention with information obtained through juror interviews conducted in November and December of 1996. Had these jurors given honest answers, Richie contends these jurors could have and would have been challenged for cause. As a result of these misrepresentations, Richie maintains this case must be reversed and remanded for a new trial. Richie's claim is specifically prohibited by 12 O.S.1991, § 2606(B) which states in pertinent part:

> Upon an inquiry into the validity of a verdict or indictment, a juror shall not testify as to any matter or statement occurring during the course of the jury's deliberations or as to the *effect of anything upon his or another juror's mind or emotions as influencing him* to assent to or dissent from the verdict or indictment or

*concerning his mental processes during deliberations.* [emphasis added]

*See also Hall v. State,* 1988 OK CR 174, 762 P.2d 264, 266–67; *Weatherly v. State,* 1987 OK CR 28, 733 P.2d 1331, 1334–35; *Wacoche v. State,* 1982 OK CR 55, 644 P.2d 568, 572–73. Therefore, this allegation of error is denied.

¶ 13 Richie asserts in his fifteenth and final proposition of error that the cumulative effect of errors presented in this application coupled with the errors on direct appeal require a new trial. Because we have found that the claims raised in this petition are either procedurally barred or without merit, we find no cumulative error that warrants relief. *Scott v. State,* 1997 OK CR 40, 942 P.2d 755, 761.

¶ 14 We now address Richie's request for an evidentiary hearing. A post-conviction applicant is not entitled to an evidentiary hearing unless "[t]he application for hearing and affidavits ... contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1996). A review of the all the materials presented with this petition fails to provide support for Richie's request. Therefore, Richie's request for an evidentiary hearing is denied.

¶ 15 Finally, Richie additionally requests discovery. Discovery is not required in post-conviction proceedings. *McGregor,* 935 P.2d at 336; *Rojem v. State,* 1996 OK CR 47, 925 P.2d 70, 74. However, "[t]his Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist." *McGregor,* 935 P.2d at 336. *See also Scott,* 942 P.2d at 761. Pursuant to Rule 9.7(D)(5), Richie must provide this Court with information showing by clear and convincing evidence that the materials sought are likely to have support in law and fact to be relevant to a claim raised in his post-conviction application.

¶ 16 Upon careful review of all the materials submitted in support of Richie's request, we find that his discovery motion should be denied. Richie has failed to demonstrate that any of the requested material is exculpatory or would have resulted in a different outcome at trial. *McGregor,* 935 P.2d at 337; Rule 9.7(D)(3). Consequently, Richie's discovery request is denied.

¶ 17 We have carefully reviewed Richie's application for post-conviction relief and his requests for an evidentiary hearing and discovery, and find that Richie is not entitled to relief. The Application for Post–Conviction Relief and requests for an evidentiary hearing and discovery are **DENIED.**

STRUBHAR, V.P.J., concurs.

CHAPEL, P.J., and LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurs in results:

¶ 1 I concur in the Court's decision to deny the Petitioner's Application for Post–Conviction Relief and Request for Evidentiary Hearing and Discovery. However, I would find the proposition labeled Preliminary Complaint is not properly before the Court due to the fact it is not contained in the Application for Post–Conviction Relief. *See Conover v. State,* 942 P.2d 229, 231, fn. 1, (Okl.Cr.1997).

¶ 2 As to the allegations of ineffective assistance of trial and direct appeal counsel, I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by Petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122

L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

LANE, Judge, concurs in results:

¶ 1  I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35 (Lane, J., concur in result).